UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASMINE PAUL SANCHEZ,<br><br>                  Plaintiff,<br><br>v.<br><br>R. SAUCEDO, et. al.,<br><br>                  Defendants. | Case No. 3:22-CV-00141-ART-CLB<br><br>**ORDER DENYING MOTION<br>FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 25] |

      Before the Court is Plaintiff Jasmine Paul Sanchez's ("Sanchez") renewed motion for appointment of counsel. (ECF No. 25.) For the reasons discussed below, the motion is denied.

      There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

      A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at

1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

The motion for appointment of counsel is a form motion stating the issues in the case are complex, Sanchez is unable to adequately present the claims without assistance of counsel, and Sanchez is unable to retain private counsel to represent him. (ECF No. 25.) Additionally, Sanchez has filed two other requests for appointment of counsel in this case, (ECF Nos. 12, 14), which the Court denied. There is nothing included in this motion that adds to or otherwise changes the Court's prior decision to deny counsel.

Accordingly, exceptional circumstances do not exist in this instance. Sanchez only makes conclusory assertions that this case is complex, however this case is limited to two Eighth Amendment claims for excessive force and unsafe prison conditions against two defendants. (ECF No. 8.) These claims do not involve complex issues, nor will they require expert assistance to understand. Moreover, throughout the pendency of this action, Sanchez has demonstrated that he can articulate his claims to the Court. To the extent Sanchez contends he has limited knowledge in these types of proceedings, such lack of education and experience is unexceptional compared to most prisoner civil rights cases. Because Sanchez has not demonstrated exceptional circumstances, the motion, (ECF No. 25), is **DENIED**.

The Court further notes that, while unclear, it appears Sanchez's motion was received by the Court through the U.S. Mail. However, pursuant to Fifth Amended General Order No. 2012-01, all prisoner filings in civil rights cases <u>must</u> be filed electronically. Therefore, Sanchez may not mail any further filings to the Court but must utilize the electronic filing system. <u>Should Sanchez send any further filings by mail, the Clerk's Office is directed to not process or return any such filings, but shall maintain them in the Court's manual filing system until further instruction from the Court.</u>

**DATED**: February 3, 2023

_____
**UNITED STATES MAGISTRATE JUDGE**

2